# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.M., AS PARENT AND GUARDIAN *AD LITEM* FOR N.J., MINOR PLAINTIFF,<br><br>    *Plaintiff*,<br><br>v.<br><br>ASBURY PARK BOARD OF EDUCATION, *et al.*,<br><br>    *Defendants*. | Civil Action No.<br>3:18-cv-10171 (PGS) (TJB)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion filed by Defendants Asbury Park Board of Education and Barry Ellenwood[1] (collectively, "Defendants") to strike Plaintiff K.M., as parent and guardian *ad litem* for N.J., a minor plaintiff's ("Plaintiff") amended complaint filed on June 10, 2019. (ECF No. 20). The Court has decided this motion based upon the written submissions of the parties pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' motion is denied.

## I.

Plaintiff commenced this action on April 9, 2018 by filing a complaint in the Superior Court of New Jersey, Monmouth County alleging negligence and disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 794. On June 5, 2018, Defendants removed this action to federal court on the grounds that Plaintiff asserted a claim arising under federal law. (ECF No. 1).

---

[1] Pled as "Barry Gramenty."

On July 10, 2018, Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 7). The Court granted that motion without prejudice and granted Plaintiff ninety days, or until November 20, 2018, to file an amended complaint. (ECF No. 14). After Plaintiff failed to file an amended complaint within ninety days, on April 17, 2019, Defendants submitted a letter to the Court seeking dismissal of the complaint with prejudice. (ECF No. 15). In response to Defendants' letter, on May 29, 2019, the Court directed "any party who oppos[ed] dismissal of this action [to] submit such opposition by June 10, 2019." (ECF No. 16). On June 10, 2019, Plaintiff filed the amended complaint. (ECF No. 17).

In the present motion, Defendants submit that the Court should strike the amended complaint, arguing that the amended pleading was filed without leave of court contrary to Fed. R. Civ. P. 15. Specifically, Defendants contend that the amended complaint should be stricken because: (i) Plaintiff failed to file the amended complaint within the time period prescribed by the Court's November 20, 2018 Order dismissing the initial complaint (ECF No. 14); and (ii) the Court's May 29, 2019 Order did not permit Plaintiff to file an amended complaint but rather an opposition to dismissal only (ECF No. 16).

## II.

Pursuant to Fed. R. Civ. P. 15(a), once a response to a party's pleading is served, that pleading may be amended only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading shall be freely given when "justice so requires." *Id.* Indeed, a general presumption exists in favor of allowing a party to amend its pleadings. *See Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend a complaint should be granted

2

freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice. *See Foman*, 371 U.S. at 182; *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).

Here, the Court in its discretion refuses to strike Plaintiff's amended complaint and will permit the amendment. In opposition to Defendants' motion to strike, counsel submits that the amended complaint was not timely filed due to the passing of his spouse on December 26, 2018. (Pl. Opp. Br. at 2-3, ECF No. 24). Understanding the magnitude of such a loss, the Court does not find that the counsel acted in bad faith by failing to file the Amended Complaint within the time period allowed.

Moreover, in reviewing the Amended Complaint, the Court does not find the amendments to be futile. For example, the Amended Complaint includes additional allegations in support of Plaintiff's claim arising under the Rehabilitation Act (Count V) and asserts new causes of action, including Counts I and IV purportedly arising under 42 U.S.C. § 1983. Finally, Plaintiff alleges that the causes of action arise "out of an assault, malicious beating and excessive force perpetrated" against a seven-year-old minor. (Amended Complaint ¶ 1). In light of these grievous allegations, "justice so requires" that Plaintiff have an "opportunity to test [these] claim[s] on the merits." Fed. R. Civ. P. 15(a); *Foman*, 371 U.S. at 182.

<u>**ORDER**</u>

Having carefully reviewed and taken into consideration the submissions of the parties; for the foregoing reasons; and for good cause shown,

**IT IS** on this 6th day of November, 2019,

**ORDERED** that Defendants' motion to strike the amended complaint (ECF No. 20) is **DENIED**; and it is further

**ORDERED** that Defendants' shall respond to the amended complaint within thirty (30) days of this Order.

PETER G. SHERIDAN, U.S.D.J.