# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.M. AS PARENT AND GUARDIAN *AD LITEM* FOR N.J. MINOR PLAINTIFF, <br><br> *Plaintiff,* <br><br> v. <br><br> ASBURY PARK BOARD OF EDUCATION, *et al.,* <br><br> *Defendants.* | Civ. Action No.: 18-cv-10171 (PGS)(TJB) <br><br><br> **MEMORANDUM** <br> **AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on motions to dismiss filed by Defendant Asbury Park Board of Education (the "School District") and Barry Ellenwood ("Ellenwood") (and together, "Defendants"). (ECF Nos. 27, 31). At the outset, Plaintiff conceded at oral argument that Barry Gramenty was improperly pled in the Amended Complaint as a defendant; and acknowledged that the correct defendant should have been Barry Ellenwood. As such, the Amended Complaint is dismissed. Plaintiff may amend to properly name Ellenwood. Gramenty is dismissed with prejudice. Defense counsel has entered an appearance on behalf of Ellenwood.

Presented below is an outline of the facts, relevant law, and a brief explanation of other aspects of the Amended Complaint that should be amended and/or supplemented in any amended complaint filed by Plaintiff.

### I.

Minor-Plaintiff N.J. ("N.J.") is a student at the Barack Obama School in the Asbury Park School District. (Amended Compl. ¶¶ 7, 13). At the time in question, N.J. was seven years old.

(*Id.* ¶ 7). Plaintiff K.M. ("K.M." and together with N.J., "Plaintiff") is suing as guardian *ad litem* and is N.J.'s mother. (*Id.* ¶ 8).

N.J. is a special education student with an Individualized Education Plan ("IEP"). (*Id.* ¶ 14). On or about April 28, 2015, N.J. was "suffering from an episode of being emotionally upset . . . which his [IEP] addressed." (*Id.* ¶ 15). As a result of N.J.'s emotional episode, Ellenwood, a school security guard, allegedly "grabbed N.J. and held him so tightly that he was caused to become nauseous and lose consciousness for a period of time causing N.J. to seek medical attention." (*Id.* ¶ 17).

In the Amended Complaint, Plaintiff interposes new claims arising under 42 U.S.C. § 1983 (Counts I and IV), an amended claim under Section 504 of the Rehabilitation Act (Count V), and three claims arising under state law (Counts II, VI, and VII). In the present motions, Defendants are seeking dismissal of Counts I, II, IV, V, and VI for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## II.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a

---

[1] Defendants do not seek dismissal of the assault and battery claim asserted against Ellenwood (Count VII). However, the entire Amended Complaint shall be dismissed so Plaintiff may properly name Ellenwood as a defendant.

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A court conducts a three-part analysis to make this determination. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* Additionally, it is worth noting that "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

## III.

### A. CLAIMS UNDER 42 U.S.C. § 1983 (COUNTS I, IV)

#### i. COUNT I

In Count I, Plaintiff asserts a claim against "Gramenty" (or Ellenwood) under 42 U.S.C. § 1983.[2] (Amended Compl. ¶¶ 17-23). Defendants concede that Plaintiff has adequately pled a § 1983 claim:

> In this case the Plaintiff alleges that Ellenwood utilized a 'choke hold' that rendered N.J. 'unconscious.' While this is not true, we accept the facts asserted in the pleadings as accurate for purposes of a 12(b)(6) motion and concede that such facts could be

---

[2] In reviewing the totality of the allegations presented in the Amended Complaint, including under Count I, the Court construes this claim as to be interposed against Gramenty (Ellenwood), only. While Plaintiff references "these defendants" once in paragraph 23, the allegations under Count I are clearly focused on Ellenwood's conduct. (*See* Amended Compl. ¶¶ 17-23). Moreover, the School District is not specifically referenced under Count I. (*Id.*). Thus, Count I is dismissed to the extent it is asserted against the School District.

> sufficient to support a claim against Ellenwood under 42 U.S.C.
> 1983 under the Fourth Amendment.

(Moving Br. at 10, ECF No. 27-4). In reply, Defendants further "concede that, on its face, the

Amended Complaint satisfies the pleading requirements for a viable claim against Ellenwood

under the Fourth Amendment. (Reply Br. at 2, ECF No. 35). As such, Count I would be a viable

claim if properly pled against Ellenwood and not Gramenty.[3]

> ii. COUNT IV

In Count IV, Plaintiff seeks to impose § 1983 liability upon the School District. In

reviewing Count IV, there are conclusory allegations that are not entitled to the assumption of

truth. *See Iqbal*, 556 U.S. at 679. As such, the claim fails. The pleading deficiencies are set

forth below.

In order to state a § 1983 claim for failure to train under *Monell v. Dept. of Social Servs. of

City of New York*, 436 U.S. 658 (1978) and its progeny, "a plaintiff must show specific training

deficiencies and either (1) a pattern of constitutional violations of which policymaking officials

can be charged with knowledge, or (2) that training is obviously necessary to avoid constitutional

violations." *Gaymon v. Esposito*, No. CIV.A. 11-4170 JLL, 2012 WL 1068750, at *8 (D.N.J. Mar.

29, 2012) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)).

In addition, in order to state a claim, Plaintiff must allege a plausible link between a

particular training deficiency in a municipal policy and a deprivation of N.J.'s constitutional rights.

*See Nieves-Hall v. City of Newark*, No. 19-9755-KM-MAH, 2019 WL 4688627, at *8 (D.N.J.

---

[3] Plaintiff's opposition brief seems to raise the issue of whether the Fourth or Fourteenth Amendment applies to Count I. (*See* Opp. Br. at 5-6, ECF No. 32). While the Amended Complaint asserts that the Fourteenth Amendment applies (Amended Compl. ¶ 19), Plaintiff's opposition brief seems to conclude that the Fourth Amendment applies (Opp. Br. at 6). While the Court does not need to resolve this issue here, it notes that Supreme Court has found that the Fourteenth Amendment extends the protections of the Fourth Amendment to public school officials. *See New Jersey v. T.L.O.*, 469 U.S. 325, 333 (1985).

Sept. 26, 2019); *see also Lapella v. City of Atl. City*, No. CIV. 10-2454 JBS/JS, 2012 WL 2952411, at *8 (D.N.J. July 18, 2012) (dismissing).

According to the Amended Complaint, the School District "implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, . . . allowing security officers of Asbury Park School District to confront students without any reasonable training . . . ." (Amended Compl. ¶ 31). Plaintiff also concludes, without alleging any underlying facts, that: "[the School District] failed to properly train [Ellenwood] in properly restraining students in the school district, [and] properly interacting with special education children with an I.E.P." (*Id.*).

The Amended Complaint does not set forth a plausible claim under § 1983 against the School District. First, the Amended Complaint does not identify any training programs, policies, customs, or practices that were allegedly deficient. In Plaintiff's opposition brief, Plaintiff references "Asbury Park Board of Education Policy No. 4281" and "District Policy 4240-Employee Training" (Opp. Br. at 7-8, ECF No. 32); but same are not set forth in the Amended Complaint. It is well-established that "[a] plaintiff may not amend his complaint through his opposition to a motion to dismiss and a court need not consider these allegations in determining whether a plaintiff has stated a claim for relief." *Izzo v. Twp. of Raritan*, No. CV151262MASTJB, 2016 WL 4728107, at *1 (D.N.J. Sept. 9, 2016) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

Moreover, Plaintiff's *Monell* claim also fails because there are no allegations stating how or why any specific deficiencies in any training protocol caused N.J.'s constitutional injuries. *Canton*, 489 U.S. at 391-392; *see also Gaymon*, 2013 WL 4446973, at *15; *Lapella*, 2012 WL 2952411, at *8. Furthermore, Plaintiff does not plausibly allege that the School District acted with

"deliberate indifference" to N.J.'s constitutional rights by either alleging (1) a pattern of constitutional violations of which policy-making officials can be charged with knowledge, or (2) that training was so obviously necessary to avoid constitutional violations as to put policy-making officials on notice of same. *Gaymon*, 2013 WL 4446973, at *8.

Finally, Plaintiff's counsel represents that it is premature to dismiss the *Monell* claim without conducting discovery (*see* Opp. Br. at 9, ECF No. 32); but such a contention is not supported by case law. Indeed, courts in this district routinely dismiss *Monell* claims on 12(b)(6) motions where, as here, the plaintiff fails to set forth a plausible claim for relief under *Canton, Connick*, and their progeny.[4] Moreover, it is well-established that "[d]iscovery . . . cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts [she] has not yet pleaded." *Giovanelli v. D. Simmons Gen. Contracting*, No. CIV.A 091082NLHAMD, 2010 WL 988544, at *5 (D.N.J. Mar. 15, 2010); *Ogbin v. Citifinancial Mortg. Co.*, No. CIV. 09-0023NLH, 2009 WL 4250036, at *2 (D.N.J. Nov. 19, 2009) (same).[5]

For all these reasons, Count IV is improperly pled; and is dismissed without prejudice.

**B.     SECTION 504 OF THE REHABILITATION ACT (COUNT V)**

In Count V, Plaintiff asserts a cause of action under the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). However, Plaintiff fails to allege that N.J. is entitled to the legal remedy sought. As such, Count V shall be dismissed with prejudice because "it is clear that no relief

---

[4] *See, e.g., Nieves-Hall*, 2019 WL 4688627, at *8; *Khalil v. City of Paterson*, No. CV 18-3241 (JLL), 2018 WL 6168191, at *7 (D.N.J. Nov. 26, 2018); *Zampetis v. City of Atl. City*, No. CV 15-1231 (NLH), 2016 WL 5417195, at *6 (D.N.J. Sept. 28, 2016); *Gaymon*, 2013 WL 4446973, at *13-19; *Grandizio v. Smith*, No. CIV. 14-3868 RBK/KMW, 2015 WL 58403, at *6-7 (D.N.J. Jan. 5, 2015); *Moriarty v. DiBuonaventura*, No. 14-CV-2492 JBS/AMD, 2014 WL 3778728, at *10 (D.N.J. July 31, 2014).

[5] In opposition briefing, Plaintiff seems to alternatively contend that Asbury Park may be liable under § 1983 on a "state-created danger" theory. (Opp. Br. at 6-7, ECF No. 32). However, this theory was not alleged in the Amended Complaint, nor advanced at oral argument. As such, the Court will not address this theory of liability.

could be granted . . . ." *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999) (citation omitted).

The Third Circuit has established that "[t]he remedies for violation of Section 504 'are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964.'" *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007) (quoting *Barnes v. Gorman*, 536 U.S. 181, 185 (2002)). "These remedies include compensatory damages, injunctive relief, and other forms of relief traditionally available in suits for breach of contract." *Id.* (citation omitted). "[C]laims for compensatory damages under § 504 . . . require a finding of intentional discrimination." *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261 (3d Cir. 2013).

Here, Plaintiff seeks only compensatory damages. (*See* Amended Compl. at 9-10). As such, Plaintiff is required to allege intentional discrimination. *Durrell*, 729 F.3d at 261; *see also Antonelli v. Gloucester Cty. Hous. Auth.*, No. CV1916962RBKAMD, 2019 WL 5485449, at *4 (D.N.J. Oct. 25, 2019); *K.S. o/b/o K.S. v. Hackensack Bd. of Educ.*, No. CV 16-2155, 2017 WL 2692402, at *8 (D.N.J. June 21, 2017); *Kaitlin C. ex rel. Shannon M. v. Cheltenham Twp. Sch. Dist.*, No. CIV.A.07-2930, 2010 WL 786530, at *6 (E.D. Pa. Mar. 5, 2010).

In this Circuit, the standard for showing intentional discrimination is "deliberate indifference." *Durrell*, 729 F.3d at 262-63. In order to adequately allege deliberate indifference in this context, Plaintiff must plead facts suggesting that the School District: "(1) [had] 'knowledge that a harm to a federally protected right [was] substantially likely,' and (2) '[failed] to act upon that likelihood.'" *See id.* at 263 (citation omitted).

In this case, the Amended Complaint does not plausibly allege deliberate indifference. Plaintiff sets forth no facts to suggest that the School District knew that harm to N.J.'s

constitutional rights were substantially likely (*i.e.*, knowledge that N.J. was likely to be physically restrained in some unlawful way); nor showing the School District's failure to act upon that likelihood. *See Durrell*, 729 F.3d at 263. In Plaintiff's opposition brief, Plaintiff asserts: "In regard to the deliberate indifference, the school and its officials were aware of the minor Plaintiff and his disability and failed to provide a proper plan to deal with his disability and failed to properly train and instruct the security guard." (Opp. Br. at 11, ECF No. 32). But same is not alleged in the Amended Complaint. As stated above, "[P]laintiff may not amend his complaint through his opposition to a motion to dismiss and a court need not consider these allegations in determining whether a plaintiff has stated a claim for relief." *Izzo*, 2016 WL 4728107, at *1 (citing *PepsiCo*, 836 F.2d at 181).

In sum, for the foregoing reasons, Count V is dismissed with prejudice because Plaintiff fails to allege that N.J. is entitled to the legal remedy sought—that is, compensatory damages. *Hackensack Bd. of Educ.*, 2017 WL 2692402, at *8 (dismissing for failing to allege same).

C.    **STATE LAW CLAIMS** (COUNTS II, VI)

Plaintiff's state law claims are not clearly pled. From the best the Court can tell, Counts II and VI assert similar negligence claims against the School District for purported failures to "exercise due care and caution . . . in hiring, retaining, supervising, training, and promoting" Ellenwood. (*See* Amended Compl. ¶¶ 25-27, 35-36). The pleading deficiencies with regard to these claims are explained below.

Counts II and VI do not comport with the basic pleading requirements set forth under Fed. R. Civ. P. 8. Both Counts allege, in conclusory fashion, that since Gramenty (or Ellenwood) allegedly assaulted N.J., the School District was necessarily negligent in hiring, retaining, supervising, training, and promoting him. (*Id.*). Plaintiff alleges no factual matter to

8

support these claims, including, *inter alia*, any facts indicating that Ellenwood's alleged assault

on N.J. was the product of inadequate training or supervision. In short, Plaintiff's conclusory

allegations do not suffice to state a claim. *Iqbal*, 556 U.S. at 678.

Moreover, because the School District is a public entity, the New Jersey Tort Claims Act

("NJTCA") applies to Plaintiff's claims. The NJTCA provides, in pertinent part:

> No damages shall be awarded against a public entity or public
> employee for pain and suffering resulting from any injury;
> provided, however, that this limitation on the recovery of damages
> for pain and suffering shall not apply in cases of permanent loss of
> a bodily function, permanent disfigurement or dismemberment
> where the medical treatment expenses are in excess of $3,600.00.

*N.J.S.A.* § 59:9–2(d). Accordingly, "[t]he NJTCA does not permit damages for pain and

suffering unless there is a permanent injury where medical expenses exceed $3,600." *Gretzula v.*

*Camden Cty. Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 490 (D.N.J. 2013). Here, there are

no allegations, however, that the School District's negligence, as asserted under Counts II or VI,

resulted in N.J. suffering a "permanent loss of a bodily function, permanent disfigurement or

dismemberment where the medical treatment expenses are in excess of $3,600.00." *N.J.S.A.* §

59:9–2(d). Thus, dismissal of Counts II and VI is warranted for this additional reason. *Gretzula*,

965 F. Supp. 2d at 490-91 (dismissing); *see also Dalrymple v. City of Jersey City*, No.

CV1815134SDWLDW, 2019 WL 3886925, at *5 (D.N.J. Aug. 16, 2019) (same).

Since the Court declined to exercise supplemental jurisdiction over Plaintiff's state law

claims in its prior Memorandum and Order dismissing the complaint (ECF No. 14), the Court

will dismiss Counts II and VI without prejudice so Plaintiff may be afforded an opportunity to

cure the pleading deficiencies discussed above.

## ORDER

**THIS MATTER** having come before the Court on motions to dismiss filed by Defendant Asbury Park Board of Education ("the School District") and Barry Ellenwood ("Ellenwood") (and together, "Defendants") (ECF Nos. 27, 31); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments advanced; for good cause shown; and for the foregoing reasons;

**IT IS** on this ___ day of March, 2020,

**ORDERED** that Defendants' motions to dismiss (ECF Nos. 27, 31) are **GRANTED**; and it is further

**ORDERED** that Counts I, II, IV, VI, and VII are dismissed without prejudice; and it is further

**ORDERED** that Count V is dismissed with prejudice; and it is further

**ORDERED** that Plaintiff shall file an amended complaint within thirty (30) days of this Order.

_____
PETER G. SHERIDAN, U.S.D.J.